

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-9-2005

# Sadler v. Meck

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4105

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Sadler v. Meck" (2005). *2005 Decisions.* Paper 1236.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1236

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-135                                                                 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4105
_____

EDWARD BERNARD SADLER,

Appellant

v.

DANIEL JOHN MECK, Sergeant; MS. BAKER-SULLIVAN, Nurse;
SEAN BOROSKY, Correctional Officer; CRAIG EDWARD
GREENLEAF, Correctional Officer

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 03-cv-01305)
District Judge: Honorable Christopher C. Conner

_____

Submitted For Possible Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
February 10, 2005
Before: ROTH, BARRY AND SMITH, CIRCUIT JUDGES
(Filed May 9, 2005)

_____

OPINION

_____

PER CURIAM

On August 5, 2003, Pennsylvania inmate Edward Sadler filed an action under 42

U.S.C. § 1983 against several correctional officers and a prison nurse alleging violations

of the First, Eighth, and Fourteenth Amendments, as well as several state-law claims.

Because Sadler fails to show there exists a genuine issue of material fact, we will

summarily affirm the District Court's grant of summary judgment.

Sadler alleges that on July 31, 2001, he was attacked by Correctional Officer Meck after requesting to go to the prison law library. He claims to have suffered serious injuries from the assault. Prison authorities told a different story, charging Sadler with misconduct for assaulting Officer Meck, for which he was found guilty. Prison disciplinary authorities sentenced him to ninety days in solitary confinement. Sadler was subsequently charged by the Pennsylvania State Police with assault by a prisoner. He was acquitted of the offense.

Sadler filed two administrative grievances with prison authorities regarding the incident. The first, numbered 36095-02, was filed on November 14, 2002. His second grievance, numbered 41496-03, was filed on February 23, 2003. Both grievances were denied as untimely. Sadler was equally unsuccessful on administrative appeal. He then filed the current complaint. The Defendants moved to dismiss the complaint, which the District Court subsequently treated as a motion for summary judgment. In a well-reasoned memorandum, the District Court granted the motion. It then dismissed the complaint against Nurse Baker-Sullivan for failure to serve process and the state law claims for lack of jurisdiction. Sadler filed a notice of appeal.

Our review of a district court's grant of a motion for summary judgment is plenary. DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). We have carefully reviewed the record, and for similar reasons as stated in the District Court's thorough memorandum, find there exists no genuine issue of material fact. Sadler's Eighth Amendment claim is procedurally defaulted because he failed to timely bring an administrative grievance. See

Spruill v. Gillis, 372 F.3d 218, 227-30 (3d Cir. 2004). His First Amendment retaliation claim fails to assert a protected activity, see Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001), and his due process challenge fails to assert either a deprivation of liberty or property, see Sandin v. Connor, 515 U.S. 472, 485-87 (1995), or raise substantive due process concerns, see Donahue v. Gavin, 280 F.3d 371, 379-81 (3d Cir. 2002). Sadler also brings state law claims, but with no federal question remaining, the District Court is not required to retain supplemental jurisdiction. See 28 U.S.C. § 1367(c).

For the foregoing reasons, no substantial question is presented. The District Court was correct in finding no genuine issue of material fact exists. Accordingly, the judgment of the District Court will be affirmed.